FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAMMIE LEE DENSON, JR.,

　　　　　Petitioner - Appellant,

v.

WARDEN JAMES E. ABBOTT,
C.T.C.F.; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

　　　　　Respondents - Appellees.

No. 08-1242
(D. Ct. No. 1:08-CV-00520-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

---

　　　　Petitioner-Appellant Sammie Lee Denson, Jr., a Colorado state prisoner

proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district

court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA). We take

jurisdiction under 28 U.S.C. § 1291, DENY Mr. Denson's request for a COA, and

DISMISS this appeal.

**I. BACKGROUND**

　　　　In 1993, a Colorado jury convicted Mr. Denson of first degree murder, attempted

first degree murder, possession of a controlled substance, and two counts of committing a crime of violence. He was subsequently sentenced to life imprisonment. On direct appeal, the Colorado Court of Appeals affirmed his convictions and on March 7, 1996, the Colorado Supreme Court denied his petition for certiorari review. He was then allowed ninety days to pursue a writ of certiorari with the U.S. Supreme Court, *see* 28 U.S.C. § 2101(d), Sup. Ct. R. 13, which he did not do. Accordingly, his judgment and sentence became final for limitations purposes on approximately June 5, 1996, and his one-year habeas filing period under 28 U.S.C. § 2244(d)(1)(A) expired one year later. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

In March 2008, nearly eleven years after the expiration of Mr. Denson's limitations period,[1] he filed a § 2254 habeas petition in federal district court to challenge his state-court conviction. Because he did not dispute that his petition was time-barred under 28 U.S.C. § 2244(d)(1), the district court considered his arguments in the context of equitable tolling. These arguments consisted of his claim of actual innocence and of claims related to the alleged ineffectiveness of counsel at post-conviction proceedings. After considering these claims, the district court ruled that equitable tolling was inappropriate and it dismissed his petition as time-barred. Mr. Denson now seeks a COA from this court.

---

[1]Beginning in 1999—more than two years after the expiration of the limitations period—Mr. Denson filed several unsuccessful motions for post-conviction relief in state court. It is undisputed that these motions failed to toll the limitations period under 28 U.S.C. § 2244(d)(2) because that period had already expired at the time the motions were filed.

## II. DISCUSSION

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a habeas petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We review equitable tolling determinations for an abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Equitable tolling is permitted "only in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted), and "only . . . when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "[E]quitable tolling requires a litigant to establish . . . that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted).

After thoroughly reviewing the record, we find no indication that such an extraordinary circumstance prevented Mr. Denson from filing a habeas petition before June 5, 1997, when the one-year limitations period expired. The only circumstance cited by Mr. Denson is the failure of his court-appointed counsel to advise him—following his conviction—to file a habeas petition. Inasmuch as Mr. Denson argues that this alleged

failure constituted a denial of his Sixth Amendment right to effective assistance of counsel, we disagree.

As the district court explained, there is no federal constitutional right to the assistance of counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "States have no obligation to provide [post-conviction relief] and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Id*. at 557 (internal citation omitted). Mr. Denson's claim that he was denied the effective assistance of counsel is thus foreclosed, and the district court did not abuse its discretion in ruling that equitable tolling of Mr. Denson's limitation period is inappropriate.

The district court also construed Mr. Denson's petition as raising a claim of actual innocence in support of equitable tolling. *See Gibson*, 232 F.3d at 808 (noting that equitable tolling may be appropriate when a prisoner is actually innocent). Upon our review of Mr. Denson's petition, we agree with the district court that he has not presented evidence tending to establish his innocence. Equitable tolling of the one-year limitations period is therefore inappropriate based on Mr. Denson's claim of actual innocence.

### III. CONCLUSION

After carefully reviewing Mr. Denson's brief, the district court's opinion, and the record on appeal, we conclude that reasonable jurists could not debate whether the district court was correct to dismiss Mr. Denson's petition as time-barred. Accordingly, we

- 4 -

DENY Mr. Denson's request for a COA and DISMISS this appeal.  We GRANT his

request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge